# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

JOHN ALLEN                                                             PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:21CV-P654-CRS

JEFFERSON COUNTY JAIL *et al.*                                     DEFENDANTS

### MEMORANDUM OPINION

       Plaintiff John Allen filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint[1] pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial review.

### I. SUMMARY OF FACTUAL ALLEGATIONS

       Plaintiff states that he was a pretrial detainee at the Jefferson County Jail at the time of the events alleged in the complaint. He sues the Jefferson County Jail and Officer Fox and Officer Alfredo in their official capacities only.

       Plaintiff alleges that he was incarcerated in the Jefferson County Jail between April 4, 2019, and December 4, 2019. He states, "My food tray under the supervision of Officer Fox and Officer Alfredo was intentionally and knowily containmenated with a substance dangerous to the human body 'without my knowledge upon receiving this food tray,' I John Allen felt nausea and wobbly from eating the contents." He continues, "Now and then over time my health have weakened to a stage where I am unable to walk. I John Allen is now confined to a wheelchair severe and critical muslce spasms and nerve damage have caused me to be helpless when I have to leave my bed." Plaintiff further maintains, "The Jefferson County Jailhouse camera footage

---

[1] Plaintiff filed a complaint on his own paper (DN 3) and later filed a complaint on the Court's approved form (DN 3-2). The two filings make substantively the same allegations.

and also most of the nurses and employee's were well aware of my dangerous problem." He also states that when he was housed in the "5th floor lock-up a higher authority Asst Director was writing my name down to investigate but it was stopped short by an officer touching him with a finger from the back, summoning him away from me."

As relief, Plaintiff seeks compensatory damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,*

454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

*A. Municipal claims*

Plaintiff sues the Jefferson County Jail and Officers Fox and Alfredo in their official capacities only. A county jail is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Louisville Metro Government is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Moreover, Plaintiff's official-capacity claim against Fox and Alfredo are actually brought against their employer, Louisville Metro Government. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the

constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not assert that any of the alleged actions were taken based on a policy or custom of Louisville Metro Government. Accordingly, Plaintiff's claim against the Jefferson County Jail and his official-capacity claims against Fox and Alfredo will be dismissed for failure to state a claim upon which relief may be granted.

**B.  *Statute of limitations***

Even if Plaintiff had sued Fox and Alfredo in their individual capacities, the claims would still be subject to dismissal. Section 1983 does not contain its own statute-of-limitations period, but constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The applicable statute of limitations is determined by state law, but the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). Under federal law, "'the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is

4

the basis of his action.'" *Arauz v. Bell*, 307 F. App'x 923, 927-28 (6th Cir. 2009) (quoting *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)). In other words, to determine when a § 1983 cause of action accrues, a district court must examine what event(s) should have alerted the typical individual to protect his or her rights. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015).

In the case at bar, the one-year statute of limitations on Plaintiff's claims accrued when he received the allegedly contaminated food trays and became ill—between April 4, 2019, and December 4, 2019—when he knew or had reason to know of the injury giving rise to his claims. The limitations period, therefore, expired one year later. Even assuming that the incident occurred on the last day of Plaintiff's incarceration in LMDC, December 4, 2019, Plaintiff had one year, or until December 4, 2020, to file a timely complaint. The complaint was not filed until October 20, 2021,[2] more than ten months after the expiration of the limitations period. Therefore, the Court finds that it is obvious on the face of the complaint that Plaintiff's § 1983 claims are untimely, and Plaintiff's claims must be dismissed as frivolous.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: July 13, 2022

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
 Jefferson County Attorney
4411.010

---

[2] Under the prison mailbox rule, a prisoner's document is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). While Plaintiff's first complaint filed on his own paper does not indicate when he presented it for mailing, the envelope in which it was mailed is postmarked October 20, 2021, which the Court will use as the date of filing.

5